UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14055-CR-CANNON/MAYNARD

FILED BY ⎯⎯ JHR ⎯⎯ D.C.

NOV 18 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KWAME HOLMES,

    Defendant,
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("the United States") and Kwame Holmes (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to the sole count of the Indictment, which charges the Defendant with Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250(a).

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court

is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of at least 5 years up to life. and a possible $250,000 fine. *[handwritten: "Do not" with initials, p.4]*

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $5,000 will be imposed on the Defendant, unless the Defendant is deemed to be indigent, whereby the special assessment of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the United States will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

7. The United States, however, will not be required to make this motion and these recommendations if the Defendant:

> (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;
>
> (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or
>
> (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant understands he continues to have a duty to register as a sex offender upon his release from prison. Defendant also understands that independent of supervised release, he is subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that he shall keep his registration current, and he shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, and other relevant information.

The Defendant shall comply with requirements to periodically verify, in person, the Defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Following release from prison, Defendant will be subject to the registration requirements of the particular state in which the Defendant resides.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by the Defendant and the United States.

10. The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

(INTENTIONALLY LEFT BLANK)

11. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 11-18-2022     By: _____
DIANA M. ACOSTA
ASSISTANT UNITED STATES ATTORNEY

Date: 11/18/22     By: _____
PETER BIRCH
ATTORNEY FOR DEFENDANT

Date: 11/18/22     By: _____
KWAME HOLMES
DEFENDANT