**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-14055-CR-CANNON/MAYNARD**

UNITED STATES OF AMERICA,

           **Plaintiff,**

**vs.**

**KWAME HOLMES,**

          **Defendant,**

_____/

```
FILED BY ____ D.C.

NOV 1 8 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE
```

### _STIPULATED FACTUAL BASIS IN SUPPORT OF GUILTY PLEA_

The United States of America, by and through the undersigned Assistant United States Attorney, and the Defendant, together with his counsel, admit the Government can prove the allegations contained in the sole count of the Indictment charging him with Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250(a).  These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.  The following recitation of the facts are the underlying factual basis in support of a plea of guilty in this case:

On February 22, 2012, the Defendant was convicted of Criminal Sexual Contact, in violation of New Jersey Statute 2C:14-3B, in the Superior Court of New Jersey, UNION County, case number 12-08-00199A.  At the time, the Victim was 14 years of age and the Defendant was 22 years of age.  On May 11, 2012, the Defendant was sentenced to time served (credit for time served of 161-days), followed by a 30-month term of probation.  As a special condition, the Defendant had to follow all Megan Law conditions.

During the pendency of the New Jersey criminal investigation, the Defendant relocated to New York.  After being sentenced in New Jersey, the Defendant's probation was transferred to

New York in May of 2012 based on New York residency status. On May 16, 2013, the New York State Board of Examiners of Sex Offenders classified the Defendant as a Sexually Violent Offender requiring lifetime registration. On November 2, 2015, the Defendant registered as a sex offender with the state of New York. On this registration, the Defendant signed and acknowledged the conditions set forth on the New York State Sex Offender Registration Form. Specifically, the Defendant acknowledged that he had to notify New York's Division of Criminal Justice Services (DCJS) in writing of any change in his home address within 10 days of any move; had to submit written verification of his home address every year and that if he moved, worked, or attended school in another state, it was his responsibility to register as a sex offender as required by that state. Between November 2, 2015 and October 14, 2021, the Defendant registered seven times in New York as a sex offender.

On April 20, 2022, the Defendant obtained a Florida Identification card listing 2695 NW Hatches Harbor Rd, Apt 203, Port St Lucie, Florida, 34983 as his residence. The Defendant provided a New York Identification Card, a New York Birth Certificate and a Florida DMV Certification of Address Form signed by his mother, SB, as proof of identification and residency.

On April 22, 2022, the Defendant obtained a Florida Learner License listing the same address of 2695 NW Hatches Harbor Rd, Apt 203, Port St Lucie, Fl, 34983. The Defendant's Learner License did not have the sex offender identifier as required by Florida Statute Section 943.0435(3). On both the Florida Identification Card and Florida Learner License applications, the Defendant selected "NO" to the question specifically asking if the Defendant was a Sexual Predator or Sexual Offender. The Defendant then signed the documents under penalty of perjury that the information he provided in his applications were true and correct.

On May 13, 2022, the Defendant obtained his Florida Driver License. On the Florida License application, the Defendant again selected "NO" to the question specifically asking if the

2

Defendant was a Sexual Predator or Sexual Offender. The Defendant again signed the document under penalty of perjury that the information given by him in the application was true and correct. The Defendant's Florida Driver License did not have the sex offender identifier as required by Florida Statute Section 943.0435(3).

Records obtained from the Defendant's previous employers in Saint Lucie County establish that the Defendant resided in Florida since at least March 3, 2022. From approximately March 3, 2022 through June 16, 2022 the Defendant was employed at an Indian Restaurant in Port Saint Lucie. Since approximately June 29th until August 10, 2022, the Defendant was employed at a 7-Eleven in Port Saint Lucie. On his 7-Eleven employment application, the Defendant listed his residential address as 2695 NW Hatches Harbor Rd., Apartment 203 and provided an incorrect social security number.

The Defendant was required to register under the Sex Offender Registration and Notification Act because on February 22, 2012, he was convicted of Criminal Sexual Contact in New Jersey, a qualifying offense, and then relocated to Florida in March of 2022. A Diligent Search was conducted by FDLE for any sex offender registrations in Florida for the Defendant. No registrations were located for the Defendant from April 20, 2022 through August 10, 2022.

The Defendant admits that he understands the elements for proving Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250(a) are as follows:[1]

(1) That the Defendant was required to register under the Sex Offender Registration and Notification Act, and

(2) That the Defendant traveled in interstate commerce; and

(3) That the Defendant knowingly failed to register and keep a current registration as required by the Sex Offender Registration and Notification Act.

These three elements must be proven to have occurred in sequence.

---

[1] The Eleventh Circuit does not have pattern jury instruction for 18 U.S.C. § 2250(a). This instruction is Pattern Crim. Jury Instr. 5th Cir. 2.83 (2019).

A person is required to register if he is a sex offender, which means a person convicted of a sex offense. Criminal Sexual Contact, in violation of New Jersey Statute 2C:14-3B, is a sex offense.

A sex offender is required to register where he resides, which is the location of his home or other place where he habitually lives. Resides means the location of an individual's home or other place where that individual habitually lives, even if the person has no home or fixed address anywhere or is homeless.

The Government must prove beyond a reasonable doubt that the Defendant knew he had to register and that he intentionally did not do so, but the Government does not have to prove that the Defendant knew he was violating federal law.

JOSE ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 11-18-2022          By: _____

DIANA M. ACOSTA
ASSISTANT UNITED STATES ATTORNEY

Date: 11/18/22          By: _____

PETER BIRCH
ATTORNEY FOR DEFENDANT

Date: 11/18/22          By: _____

KWAME HOLMES
DEFENDANT

4